```
RECEIPT #_____
AMOUNT $  /50 -
SUMMONS ISSUED____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE  7-13-04
```

FILED
IN CLERKS OFFICE

2004 JUL 13 P 12: 17

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RODNEY G. SMITH, EXECUTIVE DIRECTOR )
of the TEAMSTERS UNION 25 HEALTH SERVICES )
AND INSURANCE PLAN, )
)
Plaintiff, )
)
v. )   Civil Action No.
)
MARCOS RUIZ, )   04 - 11559 PBS
)
Defendant. )   MAGISTRATE JUDGE _____
)

# COMPLAINT

### Jurisdiction and Venue

1. Plaintiff invokes the jurisdiction of this Court pursuant to Section 502 (a)(3) of the Employee Retirement Income Security Act, 29 U.S.C. §1132(a)(3) (hereinafter, "ERISA"), and federal common law, 28 U.S.C. §1331.

2. Venue is proper in this District Court pursuant to ERISA Section 502(e)(2), 29 U.S.C. §1132(e)(2), because, <u>inter alia</u>, the relevant employee welfare benefit plan is administered in this District, because the Court has jurisdiction over the parties, and pursuant to 28 U.S.C. §1391(a), because Plaintiff's claims arose in this District.

### Parties

3. Rodney G. Smith (hereinafter, "Plaintiff") is the Executive Director of the Teamsters Union 25 Health Services and Insurance Plan (hereinafter, " the Plan"). He is a fiduciary of the Plan within the meaning of ERISA Section 3(21), 29 U.S.C. §1002(21), and he is authorized to bring this action on behalf of the Plan.

4. The Plan is an "employee welfare benefit plan" within the meaning of ERISA Section 3(1), 29 U.S.C. §1002(1), and is a "multi-employer plan" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A). The Plan is administered by Trustees in accordance with LMRA Section 302(c)(5), 29 U.S.C. §186(c)(5), and exists for the exclusive purpose of providing health, medical and related benefits to its participants and beneficiaries. The Plan has its principal office and is administered from 16 Sever Street, Charlestown, Massachusetts 02129.

5. Marcos Ruiz (hereinafter, "Defendant") is an individual residing at 302 Chelsea Street, # 3 in East Boston, Massachusetts, 02128.

**Facts**

6. Throughout all times relevant herein, the Defendant was a participant in the Local 25 Health Services and Insurance Plan and was eligible for benefits in accordance with the terms of the Plan's governing plan documents.

7. On August 24, 2003, the Defendant was involved in a motorcycle accident.

8. As a result of the Defendant's August 24, 2003 motorcycle accident, the Defendant was temporarily disabled due to a non-work related injury.

9. As a result of this disability, the Defendant received weekly disability benefits in the amount of $ 455.74 per week from August 31, 2003 through December 26, 2003..

10. The Plan's governing plan documents provide that if the Plan extends weekly disability benefits to a participant, such participant must immediately notify the Plan that he has returned to work. A true copy of the excerpt from the Plan's governing plan documents concerning the "Weekly Disability Benefit" is attached hereto as Exhibit 1.

11. The Plan's governing plan documents provides that it will take all steps necessary to recover any disability benefits that it mistakenly paid to a participant due to late or improper notification of a participant's return to work.

12. Despite receiving disability benefits for the time period between August 31, 2003 and December 26, 2003, the Defendant returned to work on December 2, 2003 and was working during the time period of December 2, 2003 through December 26, 2003.

13. The Defendant failed to notify the Plan that he had returned to work on December 2, 2003.

14. The Defendant received wages for work performed from December 2, 2003 through December 26, 2003, as well as weekly disability benefit payments from the Plan.

15. As a result of Defendant's failure to notify the Plan of his return to work on December 2, 2003, the Plan overpaid to the Defendant weekly disability benefits in the amount of $1,627.22.

16. By letters dated January 20, 2004, February 23, 2004 and March 24, 2004, the Plan demanded that the Defendant repay the Plan for overpayment of disability benefits for a time period during which the Defendant was working and was not disabled. True copies of the Plan's January 20, 2004, February 23, 2004 and March 24, 2003 letters are attached hereto as Exhibit 2, 3, and 4 respectively.

## COUNT I

### (Enforcement of Plan's Terms)

17. The Plaintiff reavers every allegation contained in paragraphs 1 through 16 herein.

18. The Defendant violated the terms of the Plan by failing to notify the Plan that he returned to work on December 2, 2003.

19. The Defendant violated the terms of the Plan by accepting and failing to repay the disability payments that he received after he returned to work on December 2, 2003.

20. Plaintiff is entitled to enforce the Plan pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

## COUNT II

### (Reimbursement for Mistaken Payment)

21. Plaintiff reavers every allegation contained in paragraphs 1 through 20 herein.

22. The Defendant failed to notify the Plaintiff that he returned to work on December 2, 2003.

23. The Plaintiff paid the Defendant's weekly disability benefits from December 2, 2003 through December 26, 2003 due to a mistake of fact, to wit, that the Defendant was disabled and had not returned to work.

24. At the time when payments were made on the Defendant's behalf, the Plan was not aware that the Defendant had returned to work on December 2, 2003.

25. The Plaintiff did not become aware that the Defendant had returned to work on December 2, 2003, until January 2004.

26. The Plan would not have paid weekly disability benefits to the Defendant if it had been aware that the Defendant had returned to work.

27. The Defendant knew or should have known that he was not entitled to receive weekly disability payments after he returned to work on December 2, 2003.

28. The Plaintiff is entitled to reimbursement of payments paid to the Defendant due to a mistaken of fact.

## COUNT III

### (Unjust Enrichment)

29. Plaintiff reavers every allegation contained in paragraphs 1 through 28 herein.

30. The Defendant knew or should have known that he was not entitled to receive disability benefits after he returned to work on December 2, 2003.

31. The Defendant knew or should have known that he could not accept weekly disability benefits at the same time that he was receiving wages for working.

32 Defendant wrongfully continued to accept payment for disability benefits after he had returned to work and was thus receiving benefits to which he was not entitled.

33. By failing to reimburse the Plan for monies to which the Defendant was not entitled, the Defendant has unjustly enriched himself at the expense of the Plan and its participants and beneficiaries.

34. This Court should disgorge that unjust enrichment by enforcing the Plan's rights.


**WHEREFORE**, the Plaintiff prays the Court to grant him the following:

(a) A judgment in favor of Rodney G. Smith, as Executive Director of the Teamsters Union 25 Health Services and Insurance Plan, and against Marcos Ruiz;

(b) An order obligating Marcos Ruiz to pay the Plan $1,627.66;

(c) Attorneys' fees and costs; and

(d) Any such other relief as the Court finds appropriate.

For the Plaintiff,
**RODNEY G. SMITH, EXECUTIVE DIRECTOR of the TEAMSTERS UNION 25 HEALTH SERVICES AND INSURANCE PLAN**
By his attorneys,

_____
Matthew E. Dwyer (B.B.O.# 139840)
Kathleen A. Pennini (B.B.O. # 654573)
Dwyer, Duddy & Facklam, P.C.
One Center Plaza; Suite 360
Boston, MA 02108-1804
(617) 723-9777

Date: _June 7 2004_

f:\l25hsip\ruiz\pldg\complaint.doc:blg

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
Rodney G. Smith, Executive Director of the Teamsters Union 25 Health Services and Insurance Plan

**DEFENDANTS**
Marcos Ruiz

2004 JUL 13 P 12: 17

U.S. DISTRICT COURT
DISTRICT OF MASS

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Suffolk
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Matthew E. Dwyer, Kathleen A. Pennini
Dwyer, Duddy and Facklam, P.C.
One Center Plaza, Suite 360
Boston, MA 02108           (617) 723-9777

ATTORNEYS (IF KNOWN)

04-11559 PBS

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

29 U.S.C. § 1132(a)(3)   equitable restitution for overpayment of benefits

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 892 Economic Stabilization Act |
| | **Personal Injury** | **PERSONAL PROPERTY** | ☐ 740 Railway Labor Act | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury—Med. Malpractice | ☐ 370 Other Fraud | ☐ 790 Other Labor Litigation | ☐ 894 Energy Allocation Act |
| | ☐ 365 Personal Injury—Product Liability | ☐ 371 Truth in Lending | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 895 Freedom of Information Act |
| | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 380 Other Personal Property Damage | **SOCIAL SECURITY** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 385 Property Damage Product Liability | ☐ 861 HIA (1395ff) | ☐ 950 Constitutionality of State Statutes |
| ☐ 210 Land Condemnation | ☐ 441 Voting | **PRISONER PETITIONS** | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 863 DIWC/DIWW (405(g)) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | Habeas Corpus: | ☐ 864 SSID Title XVI | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | ☐ 865 RSI (405(g)) | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | **FEDERAL TAX SUITS** | |
| ☐ 290 All Other Real Property | | ☐ 540 Mandamus & Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | ☐ 550 Civil Rights | ☐ 871 IRS—Third Party 26 USC 7609 | |

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23
**DEMAND $** $1627.22
Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: June 5, 2004
SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Rodney G. Smith, Executive Director of the Teamsters Union 25 Health Services and Insurance Plan v. Anthony Scibilio

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
            *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

   04-11559 PBS

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES   (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

   YES   (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES   (NO)

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES   NO

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   (YES)   NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

      (EASTERN DIVISION)   CENTRAL DIVISION   WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

      EASTERN DIVISION   CENTRAL DIVISION   WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Matthew E. Dwyer and Kathleen Pennini
ADDRESS One Center Plaza, Suite 360, Boston, MA 02108
TELEPHONE NO. (617) 723-9777

(Cover sheet local.wpd - 11/27/00)